UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STUART HENDERSON and** ) | |
| **REGINA HENDERSON, husband and wife** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0526-CVE-PJC |
| ) | |
| **HORACE MANN INSURANCE COMPANY,** ) | |
| **a foreign insurance company** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court are two motions to revise (Dkt. ## 79, 86) filed by plaintiffs, Stuart and Regina Henderson ("Hendersons"), pursuant to Fed. R. Civ. P. 54(b). On July 26, 2005, Hendersons filed a motion to revise, asking the Court to reinstate their bad faith claim (Dkt. # 79, hereafter "Original Motion to Revise"). Subsequently, defendant Horace Mann Insurance Company ("Horace Mann") filed a motion to compel Hendersons to comply with local rules regarding page limitations (Dkt. # 80), which the Court granted (Dkt. # 85). On August 8, 2005, plaintiffs filed a second motion to revise (Dkt. # 86, hereafter "Amended Motion to Revise").[1] The Court now finds the Original Motion to Revise (Dkt. # 79) moot and addresses the Amended Motion to Revise (Dkt. # 86).

Hendersons' Amended Motion to Revise seeks reconsideration of this Court's January 12, 2005 order granting summary judgment in favor of Horace Mann as to Hendersons' bad faith claim.

---

[1] The Court recognizes that plaintiffs' Amended Motion to Revise failed to abide by the page limitation of 40 pages permitted by the Court in its order on August 3, 2005 (Dkt. # 85).

(Dkt. # 61, hereafter "Summary Judgment Order").[2] The Summary Judgment Order states that the "specific intent element required by Badillo for a finding of bad faith is not satisfied." Summary Judgment Order, at 8 (citing Badillo v. Mid Century Insurance Co., No. 98,136, 2004 WL 1245292 (Okla. June 8, 2004) ("Badillo I")). In Badillo I, the Oklahoma Supreme Court held that "there must be some evidence of dishonest intentions, unconscientious advantage, or action taken that is unreasonable and unfounded" to amount to bad faith. Badillo I, 2004 WL 1245292, ¶ 31. However, the Oklahoma Supreme Court vacated this decision and issued a new holding. Badillo v. Mid Century Insurance Co., 2005 OK 48 (June 21, 2005) ("Badillo II"). Given the reference to the vacated Badillo I opinion in the Summary Judgment Order, Hendersons argue that their bad faith claim survives summary judgment. The issue now before the Court is whether Badillo II changes the analysis or result of the Summary Judgment Order.

Badillo II affirmed the duty of an insurer to conduct an investigation reasonably appropriate under the circumstances. Badillo II, 2005 OK 48, at ¶ 45. In that case, defendant failed to investigate plaintiff's claim, obstructed litigation discovery, and had reason to know that plaintiff faced liability in excess of the $10,000 policy limit. Id. at ¶ 5. The Oklahoma Supreme Court rejected the insurer's contention that a tender of policy limits to a third party was a complete defense to a claim for breach of the duty of good faith and relieved the insurer of the obligation to safeguard the interests of its insured. Id. at ¶ 30. Badillo II returns to a traditional reasonableness inquiry for bad faith claims, in contrast to Badillo I which imposed a specific intent requirement for bad faith

---

[2]   The Summary Judgment Order contains a detailed statement of the facts of this case. In essence, Hendersons argue that Horace Mann failed properly to investigate, evaluate, and pay their claim for collision damage and they bring this action for breach of contract and bad faith. This Court denied Horace Mann's motion for summary judgment as to plaintiffs' breach of contact claim and granted summary judgment as to plaintiffs' bad faith claim.

claims against insurance companies. Id. ("the duty of good faith and fair dealing in this third party situation required insurers to reasonably respond to reasonable requests from [ ] lawyers in an effort to settle the case for the protection of their insured, the person whose financial life or health was hanging in the balance."). Significantly, Badillo II expressly overruled American Fidelity & Casualty Co. V. L.C. Jones Trucking Co., 321 P.2d 685 (Okla. 1957), to the extent that American Fidelity "may have implied that a simple negligence standard was approved or adopted as to the level of culpability necessary to be shown for liability to attach to an insurer for breach of the duty of good faith and fair dealing in relation to the handling of a third-party claim made against the insured." Id. at ¶ 28 (citing 321 P.2d at 687). The Badillo II decision is best viewed as a restoration of the general intent analysis that predates Badillo I.[3]

Earlier, this Court noted that, notwithstanding Badillo I, "even under prior precedent, plaintiffs have not raised a genuine issue of material fact as to their bad faith claim." Summary Judgment Order, at 9. This Court determined that refusal by Horace Mann to pay storage and towing costs did not amount to bad faith because there existed a legitimate dispute as to coverage. The Oklahoma Supreme Court and the Tenth Circuit have made clear that an insurer does not subject itself to a claim of bad faith merely by disputing coverage. See Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984). "The insurer does not breach the duty of good faith by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.'"

---

[3]   Under Oklahoma law, "an insurer has an implied duty to deal fairly and act in good faith with its insured." Christian v. American Home Assurance Co., 577 P.2d 899, 904 (Okla. 1977). Violation of this duty gives rise to an action in tort. Id. "The essence of the tort of bad faith, as it is recognized in Oklahoma, is the unreasonableness of the insurer's actions." Conti v. Republic Underwriters Ins. Co., 782 P.2d 1357, 1360 (Okla. 1989).

3

Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989) (quoting Buzzard v. McDanel, 736 P.2d 157, 159 (Okla. 1987)).

Despite the fact that Hendersons' loss may have been reported nearly a year after the car accident, and despite the fact that no written proof of loss was filed within 91 days as required by the policy, Horace Mann did not refuse to pay the Hendersons' claim. In fact, it investigated and paid it promptly -- the checks were cut within a little under three months of the report. Horace Mann's settlement check was not only within the range it assigned to the Hendersons' claim, but also for the full amount assigned. See Newport v. USAA, 11 P.3d 190, 196 (Okla. 2000) (there is no bad faith if, after a reasonable investigation, an insurer promptly settles a claim "for the value or within the range assigned to the claim as a result of its investigation").

Further, Horace Mann hired a third-party appraiser to determine the extent of damage to Hendersons' vehicle. This appraiser reported that, while he understood that another insurance adjustor had evaluated the vehicle as a total loss, he believed it could be repaired for $7,824.23, several thousand dollars less than his estimate of the cash value of the vehicle at that time. Hendersons do not contest that their policy provided for the lesser of repair or replacement. Finally, Hendersons failed to notify Horace Mann of their dissatisfaction with the amount tendered on the claim for nearly a year after they had received it, by which time the destruction of the vehicle had made any further investigation or reevaluation impossible.

The issue is not whether Horace Mann's decision was correct, but whether Horace Mann acted reasonably and whether its investigation was reasonable in light of the circumstances. There is no evidence in the record to support the theory that Horace Mann or its agents intentionally

ignored evidence that the damage to the vehicle was irreparable or that Horace Mann intentionally failed fully to investigate the damage.

The Court finds that the Hendersons have not raised a genuine issue of material fact as to their bad faith claim. The Court finds that a legitimate dispute exists as to whether Hendersons' claim should have been for a total loss and, further, that the record taken as a whole could not lead a trier of fact to find that Horace Mann lacked a good faith belief at the time of denial that it had a justifiable reason for withholding further payment on the Hendersons' claim. See Badillo II, 2005 OK 48, at ¶ 45 (quoting Buzzard v. Farmers Ins. Co., Inc., 824 P.2d 1105, 1109 (Okla. 1991) ("The knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim.")). Horace Mann's conduct under the circumstances was reasonable. Accordingly, Hendersons' claim for damages for breach of the duty of good faith and fair dealing fails as a matter of law.

For these reasons, Hendersons' Original Motion to Revise (Dkt. # 79) is **moot** and Hendersons' Amended Motion to Revise (Dkt. # 86) is hereby **denied**.

**IT IS SO ORDERED** this 17th day of October, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT