## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STUART HENDERSON and REGINA HENDERSON, husband and wife, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No: 03-CV-526-CVE-PJC |
| HORACE MANN INSURANCE COMPANY, a foreign insurance company, | ) ) ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), the following motions have been referred to the undersigned for report and recommendation: the Motion to Alter or Amend Judgment (Dkt. #107) and Motion for Attorneys' Fees (Dkt. #110) filed by the Plaintiffs Stuart and Regina Henderson (the "Hendersons") and the Motion to Assess Fees and Costs Necessitated by Plaintiff's Offer to Alter or Amend Judgment (Dkt. #113) and Motion to Vacate Judgment (Dkt. #126) filed by the Defendant Horace Mann Insurance Company ("Horace Mann").

This case arises out of the Hendersons' dispute with their insurer Horace Mann regarding claims for damages resulting from a June 2000 accident involving Plaintiffs' 1996 Chevrolet Blazer.[1]  The Hendersons' daughter was driving the vehicle at the time and was not at fault for the accident.  It was disputed as to when Plaintiffs first notified Horace Mann, but Plaintiffs initially negotiated with the other driver's insurer, Farm Bureau, who appraised a total loss of the vehicle and offered to pay $14,700.   Plaintiffs rejected the offer, disputing Farm Bureau's

---

[1] This factual background is set forth in the District Court's January 12, 2005 Order on Horace Mann's motion for summary judgment. (Dkt. #61).

appraisal,[2] and instead pursued a claim with their insurer.

As a result of a third-party appraiser's May 10, 2001 inspection and report that the book value of the vehicle was $12,637.50 (book value as of April 2001) and the cost of repair was $7,824.23 (based on parts other than those from the manufacturer), Horace Mann issued a check for $7,324.23, the cost of repair minus $500.00 deductible, to Stuart Henderson on May 25, 2001.  On September 14, 2001, Farm Bureau issued a check for $7,824.23 to Horace Mann to satisfy the subrogation claim and a few days later Horace Mann reimbursed Stuart Henderson for his deductible.  There is no evidence that Horace Mann discussed the settlement amount with its insureds or that the Hendersons expressed dissatisfaction with the amount.  The Hendersons, however, never cashed either check.

After the Hendersons were notified that their vehicle would be sold by Sapulpa Auto Pool for salvage to cover $9,048 in outstanding storage fees, the car was sold on February 7, 2002 and destroyed.  The lien holder on the vehicle received a judgment against the Hendersons and garnished their checks.  In April 2002 the Hendersons' attorney wrote Horace Mann seeking reevaluation of the claim for damages from the June 2000 accident and in August 2002, she returned the checks to Horace Mann.  On January 24, 2003, Plaintiffs' attorney wrote Horace Mann demanding $25,000 in return for a complete release of the Hendersons' property claim or suit would be filed.

This case was filed in Osage County District Court on June 30, 2003 and removed to this Court on August 7, 2003.  Plaintiffs alleged two claims:  breach of automobile insurance contract

---

[2] Plaintiffs claimed that they were entitled to $17,000, their assessed replacement value of the vehicle.

and insurance bad faith. On January 12, 2005, the District Court granted summary judgment in favor of Horace Mann on Plaintiffs' claim for insurance bad faith.  (Dkt. # 61).  Pursuant to Plaintiffs' motion to reconsider (Dkt. #79), the Court re-examined the issue ten months later in light of subsequent Oklahoma case law and reaffirmed its grant of summary judgment on the bad faith claim.  (Dkt. #95).

On November 1, 2005, Defendant served on Plaintiffs an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  *Plaintiffs' Notice of Acceptance of Defendant's Rule 68 Offer to Confess Judgment*, Ex. A (Dkt. #105).  The Offer stated:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Horace Mann Insurance Company hereby allows judgment to be taken against it in the amount of $25,001.00 total which would reflect a new payment in the amount of $17,676.67 to off set the original payment of $7,324.23 which you (sic) client had negotiated and excepted (sic).

*Id.*  Plaintiffs' counsel accepted the Offer of Judgment the same day:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure the Plaintiffs, Stuart and Regina Henderson give notice to the defendant, Horace Mann Insurance Company that they accept Horace Mann Insurance Company's official Rule 68 Offer of Judgment, made on the 1st day of November 2005.

*Plaintiffs' Notice*, Ex. B (Dkt. #105).  Also that day Plaintiffs notified the Court of their acceptance of the Offer to Confess Judgment (Dkt. #105) and on November 2, 2005, the Court entered judgment

> in favor of the plaintiffs, Stuart and Regina Henderson, and against defendant, Horace Mann Insurance Company, in the amount of $25,001.00, minus $7,324.23 previously paid by defendant to plaintiffs.  Post-judgment interest is to be paid on the remaining $17,676.77 in the amount of 4.26 % per annum from this date, as provided by law.

(Dkt. #106).

Plaintiffs filed the pending Motion to Alter or Amend Judgment to include prejudgment

3

interest in the amount of $11,775.53 on November 4, 2005 (Dkt. #107) and on November 16, 2005, their Motion for Attorneys' Fees in the amount of $152,518.00.  (Dkt. #110).[3]  On November 17, 2005, Plaintiffs also filed a Notice of Appeal to the Tenth Circuit Court of Appeals of the District Court's Order granting summary judgment on Plaintiffs' bad faith claim. (Dkt. #111).

Defendant Horace Mann filed its Motion to Assess Fees and Costs Necessitated by Plaintiffs' Offer to Alter or Amend Judgment on November 17, 2005  (Dkt. #113) and its Motion to Vacate Order/Judgment on December 5, 2005  (Dkt. #126).

A hearing was held on the referred motions on February 10, 2006.  Upon consideration of the briefs, the oral arguments of counsel and applicable law, the undersigned recommends that Plaintiffs' Motion to Alter or Amend Judgment (Dkt. #107) be DENIED, Plaintiffs' Motion for Attorneys' Fees (Dkt. #110) be GRANTED with the amount of fees to be determined upon resolution of Plaintiffs' appeal of the bad faith claim, and Defendant's motions for costs (Dkt. #113) and to vacate the judgment (Dkt. #126) be DENIED.

## ANALYSIS

### A.    Jurisdiction

Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure provides:

> If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

---

[3] Also on that date, Plaintiffs filed a Bill of Costs for $3,292.60 and brief in support.  (Dkt. ## 108 & 109).  The Court Clerk has stayed determination of costs pending the District Court's "resolution of the prevailing party issue."  (Dkt. #137).

Fed.R.App.P. 4(a)(4)(B)(i). Among the motions listed in Rule 4(a)(4)(A) are motions for

attorney fees under Rule 54, motions to alter or amend judgment under Rule 59 and

motions for relief under Rule 60.  Therefore, this Court retains jurisdiction over the

referred motions notwithstanding Plaintiffs' Notice of Appeal.  Recognizing this Court's

jurisdiction, on January 10, 2006, the Tenth Circuit Court of Appeals abated Plaintiffs'

appeal pending a decision by this Court on Plaintiffs' Motion to Alter or Amend the

Judgment.  (Dkt. #147).

**B.      Nature of an Offer of Judgment Under Rule 68.**

Rule 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending
> against a claim may serve upon the adverse party an offer to allow
> judgment to be taken against the defending party for the money or
> property or to the effect specified in the offer, with costs then accrued.  If
> within 10 days after the service of the offer the adverse party serves
> written notice that the offer is accepted, either party may then file the offer
> and notice of acceptance together with proof of service thereof and
> thereupon the clerk shall enter judgment. An offer not accepted shall be
> deemed withdrawn and evidence thereof is not admissible except in a
> proceeding to determine costs.  If the judgment finally obtained by the
> offeree is not more favorable than the offer, the offeree must pay the costs
> incurred after the making of the offer.

Fed. R. Civ. P. 68.  The purpose of Rule 68 is to encourage settlement and avoid

litigation.  *Marek v. Estate of Chesny*, 473 U.S. 1, 5 (1985).

There are two aspects to the Rule 68 procedure.  First, the Rule allows a

Defendant to make a "firm, non-negotiable offer of judgment."  *Util. Automation 2000,*

*Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002).  Unlike

traditional settlement negotiations in which a plaintiff may seek clarification or make a

counter-offer, under Rule 68 a plaintiff may only accept or reject the offer of judgment.

*Id.*  Rule 68 effectively gives the plaintiff the right to obtain the "equivalent of a default judgment," albeit only on the terms set by the defendant.  *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).  Second, the Rule encourages settlement through a "cost-shifting" procedure that forces a plaintiff who refuses an offer and then recovers less at trial to pay the costs incurred by the offeror from the time of the offer.  *Util. Automation*, 298 F.3d at 1240-41.

The only requirement for a timely offer[4] under Rule 68 is that it must include "costs then accrued."  *Id.* at 1241.  An offer under Rule 68 need not expressly state that costs are included; however, if the offer does not provide for costs the court must add them into the judgment:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which is in its discretion.

*Marek*, 473 U.S. at 5.

Rule 68 does not define the term "costs."   "'Costs' typically are defined by reference to 28 U.S.C. § 1920 and include things such as filing fees and court reporter fees." [5]  *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404 (10th Cir. 1993).  The

---

[4] As noted above, an offer must be made more than ten days before trial and must be unconditionally accepted within ten days from receipt. Fed. R. Civ. P. 68.

[5] The statute provides:
A judge or clerk of any court of the United States may tax as costs the following:
A.     Fees of the clerk and marshal;
B.     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
C.     Fees and disbursements for printing and witnesses;
D.     Fees for exemplification and copies of papers necessarily obtained for use in the case;

Supreme Court in *Marek*, however, broadly interpreted "costs" under Rule 68 "to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9.  In *Marek*, the Court specifically addressed whether attorneys' fees were awardable as costs under Rule 68 and held that, absent congressional expression to the contrary, where the underlying statute defines "costs" to include attorney's fees, attorney's fees should be included as costs for purposes of Rule 68.  *Id*.;  *Knight*, 3 F.3d at 1404; *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997); *Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 89 (2d Cir. 2004); *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997).

Defendant's Offer of Judgment does not address accrued costs, prejudgment interest or attorney fees.  As the Rule 68 offer is silent as to costs, the Court must award appropriate costs in addition to the amount of the offer.  *Marek*, 473 U.S. at 6; *Knight*, 3 F.3d at 1405 n. 8; *Arencibia*, 113 F.3d at 1214 (11th Cir. 1997).  Thus, although the issue is not before the Court, pursuant to Rule 68 Plaintiffs are entitled to appropriate "costs" under 28 U.S.C. § 1920 in addition to the $25,001 Offer of Judgment.  The question that is before the Court for decision is whether the offer's silence as to prejudgment interest and attorneys' fees entitle Plaintiffs to recover either or both.

Based on the confessed judgment on their breach of insurance contract claim, Plaintiffs contend that under the relevant state statute, 36 O.S. § 3629(B), they are

---

E.      Docket fees under section 1923 of this title;
F.      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. 28 U.S.C. § 1920.

entitled to an amended judgment for prejudgment interest and to an award of attorney's

fees as prevailing parties.  Section 3629(B) provides:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a
> written offer of settlement or rejection of the claim to the insured within
> ninety (90) days of receipt of that proof of loss.  Upon a judgment
> rendered to either party, costs and attorney fees shall be allowable to the
> prevailing party.  For purposes of this section, the prevailing party is the
> insurer in those cases where judgment does not exceed written offer of
> settlement.  In all other judgments the insured shall be the prevailing
> party.  If the insured is the prevailing party, the court in rendering
> judgment shall add interest on the verdict at the rate of fifteen percent
> (15%) per year from the date the loss was payable pursuant to the
> provisions of the contract to the date of the verdict…

36 O.S. § 3629(B).  Defendant objects that it made an Offer of Judgment for a lump sum

of $25,001.00 under Rule 68, inclusive of all costs and attorney fees as a final settlement,

and in any case, Plaintiffs are not entitled to prejudgment interest or attorney fees under

§ 3629(B).  Accordingly, Horace Mann seeks fees and costs necessarily and reasonably

incurred in responding to the Hendersons' motion to alter the judgment.  If, the Court

disagrees and does not enforce the lump sum judgment as a final settlement, inclusive of

all fees, costs, interests and any other claims, Horace Mann asserts that the judgment

should be vacated under Rules 60(b)(1), 60(b)(3), or 60(b)(6).

## C.      Prejudgment Interest under §3629(B)

Plaintiffs contend that an award of prejudgment interest in a diversity action is a

substantive matter governed by state law.  *Webco Indus., Inc. v. Thermatool Corp.*, 278

F.3d 1120, 1134 (10th Cir. 2002) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

They, therefore, rely on the following provision in 36 O.S. § 3629(B) as the basis for

their recovery of prejudgment interest under Oklahoma law: "If the insured is the

prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict."  36 O.S. § 3629(B).  Plaintiffs contend that for purposes of awarding prejudgment interest under § 3629(B) there is no difference in legal effect between a judgment entered by confession and a judgment entered on a verdict, citing *Dulan v. Johnston*, 687 P.2d 1045, 1047 (Okla. 1984) and *Banks v. Cimarron Ins. Co., Inc.*, 882 P.2d 580, 581 (Okla. Ct. App. 1994). Further, the Oklahoma Court of Appeals in *Banks* has expressly held that § 3629(B) "provides direction to the trial court to add interest to . . . the confessed judgment" when the offer to confess judgment, as here, makes no mention of interest.  *Banks*, 882 P.2d at 582. Plaintiffs therefore seek prejudgment interest from the date the covered loss was paid, May 25, 2001, on $17,676.77 ($25,001 - $7,324.23) at the rate of 15% per annum, for a total of $11,775.53.

Plaintiffs properly bring their post-judgment motion for prejudgment interest as a motion to alter or amend the judgment under Rule 59(e).  *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989); *Webco*, 278 F.3d at 1134.  Further, the Tenth Circuit has held that an award of prejudgment interest in a diversity action is a substantive matter governed by state law because prejudgment interest has traditionally been viewed as part of the compensation due plaintiff as actual damages.  *Webco*, 278 F.3d at 1134. However, in a case directly addressing whether prejudgment interest is recoverable in a consent judgment under Rule 68, the Tenth Circuit has held that federal and not Oklahoma law applies as the issue involves the interpretation and application of Rule 68.

*Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 527 (10th Cir. 1992).

The Court finds *Mock* dispositive of plaintiffs' motion to alter or amend the judgment.  In *Mock*, plaintiff employees brought claims against their employer alleging that the employer violated federal labor laws, the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* and Oklahoma state law in its investigation of employees for suspected theft and substance abuse.  Judgment was entered in favor of three supervisory employees pursuant to Rule 68 offers of judgment which provided in part: "Please take notice of our offer to allow judgment to be taken against the defendants *in this case* for the sum of [ ] with costs accrued to date."  *Id*. at 525 (emphasis in original).  The district court denied the plaintiff employees' motion for prejudgment interest concluding that the "'goal [of Rule 68] would be undermined if a party was permitted to subsequently add pre-judgment interest to the sum contained in an offer of judgment.'"  *Id*. at 525-26.  On appeal, plaintiffs argued that Oklahoma law governed their entitlement to prejudgment interest in the diversity case and under Oklahoma law they were entitled to such interest.  The Tenth Circuit found that plaintiffs' entitlement to prejudgment interest under Oklahoma law was "irrelevant" because  federal rather than Oklahoma law applied to the "interpretation and application of Rule 68," and affirmed the district court's denial of prejudgment interest:

> The question is whether a Rule 68 consent judgment for a specific sum, with no mention of pre-judgment interest, may be altered by a plaintiff's subsequent motion for pre-judgment interest.  We hold that a Rule 68 consent judgment for a sum certain must, absent indication otherwise, be deemed to include pre-judgment interest.  To hold otherwise would undermine the purpose of Rule 68.

*Id* at 527 (footnote omitted).  The circuit court reasoned that this was consistent with

Tenth Circuit law that an award of prejudgment interest "'is an act which serves to remedy the injury giving rise to the underlying action and in that sense is part of the merits of the court's decision.'" *Id.* at 527 n. 7 (quoting *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989).

Plaintiffs contend that although the general rule set forth in *Mock* is that a Rule 68 consent judgment for a sum certain is deemed to include prejudgment interest, it is only "absent indication otherwise." *Mock*, 971 F.2d at 527. Therefore, *Mock* merely recognizes a presumption that prejudgment interest is included in the offer which may be rebutted by an "indication otherwise." Here, they argue, the "indication otherwise" is *Banks*' explicit direction that prejudgment interest should be added under 36 O.S. § 3629(B) to the confessed judgment because the offer of judgment did not explicitly state that it included prejudgment interest.

In *Banks*, the insured accepted the insurer's offer of judgment in a state court action to recover benefits under a fire insurance policy. *Banks*, 882 P.2d at 581. The offer did not include prejudgment interest, costs or attorney fees. The insured applied to the court for attorney fees, costs and interest. The trial court granted the motion for attorney fees and costs but denied the request for prejudgment interest. *Id.* On appeal, the insured argued that 36 O.S. § 3629(B) provides for prejudgment interest on their judgment from the date the loss was payable as the Oklahoma Supreme Court has held that "'there is clearly no difference in legal effect between a judgment entered by confession and a judgment entered on a verdict after a trial by jury.'" *Id.* (quoting *Dulan v. Johnston*, 687 P.2d 1045, 1047 (Okla. 1984)). The insurer countered that although not

11

mentioned in the offer, prejudgment interest merged into the judgment.  The Oklahoma

Court of Appeals rejected the insurer's argument holding that prejudgment interest was

separate from the judgment because § 3629(B) directs "the trial court to *add* interest to

the verdict, or as here, to the confessed judgment."  *Banks*, 882 P.2d at 582 (emphasis

added).  The insurer also objected that even if § 3629(B) authorized prejudgment interest,

the insured knew that the $125,000 offer included interest as the policy limits were only

$95,000.  Citing contract principles, the Court of Appeals held that the written offer alone

expressed the parties' intention; therefore, the appellate court remanded the case for an

award of prejudgment interest:

> In Oklahoma, when a contract is reduced to writing, the intention of the
> parties is to be ascertained from the writing alone. Unless fraud or mistake
> is involved, pre-contract negotiations and oral discussions are merged
> into, and superseded by the terms of the executed written agreement.  If
> [the insurer] intended to include costs, attorney fees and interest in the
> settlement, it could have so provided. It did not choose to do so.

*Id*. (citation omitted).

Citing *Banks*, Plaintiffs argue that the purpose of Article 36 of the Oklahoma

Insurance Code is to regulate the insurance industry and unlike the prejudgment interest

statute applicable to the state claims in *Mock*, 12 O.S. § 727(E), the award of

prejudgment interest is made mandatory under § 3629(B) in directing that the court *shall*

add prejudgment interest.  36 O.S. § 3629(B).  Further, Plaintiffs contend that contrary to

Defendant's argument otherwise, the *Erie* Doctrine does not preclude this Court from

applying *Banks*' interpretation of § 3629(B) as it  merely overlaps rather than conflicts

with Rule 68.  Therefore, the Court should insure that the outcome is consistent in federal

and state court.  If § 3629(B) as interpreted in *Banks* is not applied, Plaintiffs urge that

12

out-of-state insurance companies are more likely to remove property loss claims to federal court where they may withhold payment, engage in protracted litigation and wait until the last  moment to confess judgment for the policy limits plus one dollar without any fear that their delay will subject them to a 15% prejudgment interest rate.

The Court agrees that *Banks* and *Mock* would result in different outcomes in state and federal court regarding an award of prejudgment interest in a case such as this in which the plaintiff accepts an offer of judgment that is silent as to prejudgment interest. However, the *Erie* analysis does not permit the Court to reach this consideration as Rule 68 intervenes.  As set forth in *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996),

> where a federal rule of procedure is directly on point, that rule applies. Otherwise, in the "typical, relatively unguided *Erie* choice," courts are to heed the outcome-determination approach while also relying on the policies underlying the *Erie* rule: "discouragement of forum-shopping and avoidance of inequitable administration of the laws."

*Id*. at 1539 (quoting *Hanna v. Plumer*, 380 U.S. 460, 467-68 (1965)).  The Tenth Circuit in *Mock* has held that entitlement to prejudgment interest in a diversity case in which an accepted Rule 68 offer is silent as to such interest is to be determined under federal law as it is a matter of interpretation and application of the federal rule.   In interpreting Rule 68, the *Mock* court concluded that a "Rule 68 consent judgment for a sum certain must, absent indication otherwise, be deemed to include pre-judgment interest."  *Mock*, 971 F.3d at 527.  Although there are no cases explaining what the *Mock* court means by "absent indication otherwise," to find, as Plaintiffs urge, that this "indication" is a state court's opposite conclusion interpreting state law would in effect make state law

applicable and Plaintiffs' claimed "rebuttal," the presumption.

Further, the Court is not persuaded by Plaintiffs' argument distinguishing the prejudgment interest statute at issue in *Mock* from 36 O.S. § 3629(B).  Assuming *arguendo* that 12 O.S. § 727(E) which awards prejudgment interest on a personal injury verdict is the Oklahoma prejudgment interest statute upon which the *Mock* plaintiffs relied, it, like 36 O.S. § 3629(B), also provides that prejudgment interest *shall* be added to the judgment.

In sum, the Court concludes that *Mock* determines that the Rule 68 offer of judgment for a sum certain herein is deemed to include prejudgment interest and thus Plaintiffs' motion to alter or amend the judgment to add prejudgment interest should be denied.  *See Minn. Power & Light Co. v. Hockett*, 14 Fed. Appx. 703, 708 (7th Cir. 2001) ( In finding that the scope of Fed. R. Civ. P. 65(c) was sufficiently broad to cause a direct conflict with the Indiana injunction rule, the circuit court held that "[w]hether [the] conflict results from the plain language of the statutes or from case law interpretation of federal and state law is irrelevant - federal law trumps."); *cf. Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176 (10th Cir. 2000) (Colorado's cost-shifting statute which allowed plaintiffs to recover costs when defendants rejected plaintiffs' settlement offer which was lower than the actual judgment did not conflict with Rule 68 as "Rule 68 only governs defendants' costs, while plaintiffs' costs are the subject of the Colorado statute"); and *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.,* 60 F.3d 305 (7th Cir. 1995) (holding that Wisconsin statute which provides for plaintiff's recovery of costs if plaintiff's settlement demand is rejected and plaintiff wins a judgment larger than the

14

demand did not directly conflict with Rule 68 because Rule 68 "makes no provision for plaintiff's offer").

**D.      Attorney fees**

Pursuant to Federal Rule of Civil Procedure 54(d)(2), Plaintiffs seek an award of attorney fees as prevailing parties under 36 O.S. § 3629(B).  Section 3629(B) provides that "upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party."  Plaintiffs contend that they are prevailing parties on their claim for breach of an insurance contract and recovery of attorneys' fees is mandatory under § 3629(B), citing *Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1267 (10th Cir. 2001).  They argue that although they did not prevail on their bad faith claim, time spent on that claim is "inextricably intertwined" with the breach of contract claim and therefore "only if a time expenditure was necessary *solely* to establish the reasonableness of [the insurer's] behavior in refusing to pay the claim may it be disallowed . . . ."  *Quail Creek Petroleum Management Corp. v. XL Specialty Ins. Co.*, 129 Fed. Appx. 466, 471 (10th Cir. 2005) (emphasis added).  Furthermore, because the claims are so closely linked, Plaintiffs urge that the Court has the discretion to award attorney fees for "all discovery conducted to determine the reasonableness and good faith of an insurer who breaches its insurance contract." *Id*.  Excluding time spent solely on the reasonableness of Horace Mann's behavior in refusing to pay their claim, Plaintiffs seek attorneys' fees in the amount of $152,518.00.

First, the Court notes that Rule 68 does not preclude an award of attorney fees and Defendants do not urge otherwise.  Attorney fees are recoverable as "costs" under Rule

15

68 if the underlying statute defines "costs" to include attorney fees.  *Marek*, 473 U.S. at

6, 9 (noting a valid offer of judgment always includes costs and therefore includes

attorney fees if the fees are defined as costs under the relevant substantive statute or

authority); *Knight*, 3 F.3d at 1404.   As stated above, Plaintiffs seek attorney fees under

36 O.S. § 3629(B).  Under that statute Plaintiffs are not entitled to recover attorney fees

as Rule 68 "costs" because § 3629(B) expressly distinguishes an award of costs from

attorney fees: "Upon a judgment rendered to either party, costs *and* attorney fees shall be

allowable to the prevailing party."  36 O.S.§ 3629(B) (emphasis added).  However,

Plaintiffs may also seek attorney fees as prevailing party under Rule 54(d) if the

substantive law governing the action allows.  *Util. Automation*, 298 F.3d at 1243

(adopting the view that "in the appropriate circumstances a plaintiff may be entitled to

attorneys' fees under the 'costs then accrued' phrase from Rule 68 itself, and,

independently, under the statute or other authority that gave rise to the suit"); *Nusom*, 122

F.3d at 833 ("We hold . . . that a Rule 68 offer for judgment in a specific sum together

with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking

fees when the underlying statute does not make attorney fees a part of costs."); Fed. R.

Civ. P. 54(d)(2)("Claims for attorneys' fees . . . shall be made by motion unless the

substantive law governing the action provides for the recovery of such fees as an element

of damages to be proved at trial.").

Although Horace Mann agrees that state law applies to an award of attorney fees

herein, it rejects Plaintiffs' contention that they are entitled to recover attorney fees under

§ 3629(B).  Defendant argues that § 3629(B) cannot apply to an award of attorney fees

16

where as here a Rule 68 offer of judgment is accepted before trial and final judgment is

entered under Rule 54.  The Court disagrees.  Recovery of attorney fees under Rule

54(d)(2) is a matter of state substantive law.  *See Garcia v. Wal-Mart Stores, Inc.*, 209

F.3d 1170, 1176-77 (10th Cir. 2000) ("In the case of Fed.R.Civ.P. 54(d)(2), involving

'attorneys' fees and related non-taxable expenses,' the Rule expressly refers to 'the

substantive law governing the action,' i.e., the governing state law in a diversity

action.").  Thus, unlike the determination of prejudgment interest herein, Oklahoma law

governs Plaintiffs' recovery of attorney fees.

As noted above, recognizing the Oklahoma Supreme Court's holding in *Dulan v.*

*Johnston*, 687 P.2d 1045, 1047 (Okla. 1984)  that "'there is clearly no difference in legal

effect between a judgment entered by confession and a judgment entered on a verdict

after a trial by jury,'" the Oklahoma Court of Appeal in *Banks* has held that an insured is

entitled to prejudgment interest under § 3629(B) although the judgment is a result of an

accepted offer of judgment rather than a verdict.  *Banks,* 882 P.2d. at 581-82.  Although

not appealed in *Banks*, attorney fees and costs were also awarded under § 3629(B) as a

result of the confessed judgment.  *Id*. at 581.  Finding that § 3629(B) does not apply to

confessed judgments, therefore, would directly conflict with *Banks*.  As the Court finds

no reason to believe that the Oklahoma Supreme Court would reach a different

conclusion than that in *Banks*, the Court follows that decision and concludes that

§ 3629(B) applies to a judgment obtained by a plaintiff's acceptance of a defendant's

offer of judgment if all other requirements of § 3629(B) are met.  *See Miller v. Auto.*

*Club of N. M., Inc.*, 420 F.3d 1098, 1128 (10th Cir. 2005) ("Decisions of intermediate

17

courts, while not controlling authority, may be evidence for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'").

Defendant contends that § 3629(B) is inapplicable because the Hendersons never submitted a "proof of loss." *Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 94 P.3d 25, 28 (Okla. 2004) ("§ 3629(B) provides for prevailing party attorney fees where an insurer fails to submit an offer of settlement or rejection of the claim within 90 days after proof of loss and where judgment is entered."). Defendant cites its summary judgment motion and the exhibits attached (Dkt. #22) in support of its rendition of the following facts concerning Plaintiffs' failure to submit a proof of loss:

> The claim was reported on March 7, 2001. [Ex. 5]. Within two days, Horace Mann sent an adjuster to assess the damage to the vehicle. The total loss at that time was valued as $7,824.23. [Ex. 2, pp. 40-42; Ex. 5; Ex. 9]. Plaintiffs hired an attorney, Ms. Williams, who sent a letter on April 16, 2002, claiming that the Hendersons had personal injuries and property damage. There were no personal injuries. [Ex. 2, p. 44; Ex. 8]. Horace Mann sent two checks to Plaintiffs: one on 5/25/2001 for $7,324.23 and one on 9/20/01 for $500.00. [Ex. 6]. Plaintiffs sent the checks back to Horace Mann in August 2002. [Ex., p.39; Ex. 7; Ex.4, p.15, 18; Ex. 10]. Plaintiffs have testified that they did not consider Horace Mann's payments to be sufficient. [Ex. 2, pp. 28-30]. Plaintiffs did not tell Horace Mann, however, that the amount paid was insufficient. [Ex. 2, pp. 29-31; Ex. 4, pp. 17-18].

*Defendant's Response to Plaintiffs' Motion for Attorneys' Fees, p. 4* (Dkt. #122).

Section 3629(B) does not address what constitutes a proof of loss; however, § 3629(A) refers to circumstances in which an insurer, upon the insured's request, must

furnish "forms of proof of loss for completion" by the insured.[6]  A formal proof of loss is a sworn affidavit by the insured as to his claimed loss.  Typically, an insurer provides this "formal" proof of loss to its insured in cases involving first-party property claims, such as theft and fire loss claims.  Horace Mann does not claim nor has it established that a formal proof of loss was required under the policy here and if it were that such requirement was not waived.  Further, the absence of a formal proof of loss is not a bar to recovery" of attorney fees under § 3629(B).  *Stauth*, 236 F.3d at 1265 (complying with the policy regarding notice, followed by the institution of a declaratory judgment action was "all that was necessary to satisfy a 'proof of loss' requirement");  *Murray v. First Marine Ins. Co.*, 29 Fed. Appx. 503, 506 (10th Cir. 2002) (stating that notice to agent of property loss claim which included policy information, name of insured, phone numbers, contact information and brief description of loss was sufficient to comply with policy and statute to entitle insured to prejudgment interest under §3629(B)).  Assuming Horace Mann's above rendition of the relevant facts are true for purposes of the motion for attorney fees, these facts show that Horace Mann received sufficient notice of the claim to meet the statutory requirement of a "proof of loss," in response to which Horace Mann assessed the damage to the vehicle and issued a check on May 25, 2001 for $7,324.53 in payment for the damage.

---

[6] Section 3629(A) provides:

An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.

36 O.S. § 3629(A).

Defendant also argues that even if a proof of loss were submitted, § 3629(B) is inapplicable as there was no written offer of settlement in response to that proof of loss. Horace Mann claims that the $7,324.33 payment was not an offer of settlement under the statute; it was simply a payment for the cost of repairing the car and did not include payment for Plaintiffs' other claims for loss. Yet, Horace Mann also contends that the $25,001 paid to Plaintiffs was not for a loss insured under the policy or in response to a proof of claim; it was a settlement of the case. Defendant cannot have it both ways. Either it submitted a "written offer of settlement" in issuing within ninety days of notice the check for $7,324.33 of the Hendersons' claim for damages to the vehicle, or ultimately, in offering $25,001.00 in settlement of the vehicle damage and all other claims. Although an insurer can avoid exposure to attorney fees under § 3629(B) even if its offer of settlement is outside the ninety days from receipt of the proof of loss, it cannot avoid liability by not submitting any written offer of settlement or rejection of the claim. *See Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1445-1446 (10th Cir. 1993) (holding that insurer can protect itself from insured's attorney fee claim under § 3629(B) if the offer of settlement is outside the ninety-day window if the offer is greater than the judgment); *Driver Music Co., Inc. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1432 (10th Cir. 1996) ("Section 3629(B) expressly requires a 'written' offer of settlement."). To hold otherwise would allow the insurer to insulate itself from an award of attorney fees by failing to meet its duty under § 3629(B), a result that could not have been intended.

From a slightly different angle, Defendant contends that even if § 3629(B) is

20

applicable, Plaintiffs cannot establish that they are prevailing parties under the statute.

Section 3629(B) defines who is the prevailing party: "For purposes of this section, the

prevailing party is the insurer in those cases where judgment does not exceed written

offer of settlement.  In all other judgments, the insured shall be the prevailing party."

Defendants argue that Plaintiffs cannot show that the judgment exceeds the written offer

of settlement as the "judgment was for the exact amount Horace Mann offered:

$25,001.00."  *Defendant's Response to Plaintiffs' Motion for Attorneys' Fees, p. 6* (Dkt.

#122).

     Whether the written offer of settlement was $7,324.23 or $25,001.00 or any

amount in between,[7] Plaintiffs are prevailing parties under § 3629(B):

> The Oklahoma Supreme Court has explained that under Section 3629, the
> insurer is a prevailing party where the judgment is for *less* than any
> settlement offer made by the insurer or where the insured rejects the claim
> and no judgment is awarded, while the plain language of the statute
> provides that "in all other judgments the insured shall be the prevailing
> party."

*Ass'n of County Comm'rs  of Okla. v. Nat'l Am. Ins. Co.,* 116 P.3d 206, 212 (Okla. Ct.

App. 2005) (citing *Shinault v. Mid-Century Ins. Co.*, 654 P.2d 618, 619 (Okla. 1982))

(emphasis added).  Thus, to avoid liability for the Hendersons' attorney fees under §

3629(B), Horace Mann had to make an offer of settlement which was *greater* than the

amount of judgment.   *See also Stauth*, 236 F.3d at 1267("*Shinault, id.* echoes the

statutory definition under which the insured is the prevailing party *unless* the insurer has

made a settlement offer and there is a subsequent judgment for a *lesse*r amount . . . .")

---

    [7] Plaintiffs cite to two other written settlement offers: one for $500.00 on November 19, 2004 and
one for $10,000 on August 2, 2005.  *Exhibits to Plaintiffs' Reply* (Dkt. #144).

(emphasis added); *Oulds*, 6 F.3d at 1445-1446 ("The insurer can defend against potential liability for the insured's attorneys' fees by making an offer of judgment which turns out to be *greater* than the judgment actually obtained by the insured.") (emphasis added); *An-Son Corp. v. Holland-America Ins. Co.*, 767 F.2d 700, 703 (10th Cir. 1985). It is undisputed that the most Horace Mann offered the insured in settlement of Plaintiffs' claim was $25,001.00 and, as Defendant concedes, the judgment equals and is not less than that offer. As this does not meet the exception in § 3629(B), the Plaintiffs are prevailing parties under § 3629(B).

This result comports with the holding in *Banks* that the insured was entitled to recover prejudgment interest under § 3629(B) in accepting the insurer's offer of judgment.[8] Although *Banks* does not specifically state that the insured was the "prevailing party" under § 3629(B), the only way that the insured in *Banks* could recover prejudgment interest was if the insured were a prevailing party as defined in that statute. If Defendant is correct that the offer of judgment is the "offer of settlement" under § 3629(B) and that the insurer is the prevailing party when the offer of settlement equals the judgment, the insured could never be a prevailing party when the judgment is confessed. Defendant can, of course, also object that under *Banks* analysis the insurer would never be a prevailing party when the judgment is confessed. However, should the insurer wish to protect itself from an attorney fee award, it can expressly make attorney

---

[8]*See also Fluharty v. Speedy Wrecker Svc., Inc.*, 748 P.2d 49 (Okla. Ct. App. 1987). In *Fluharty*, the Oklahoma Court of Appeals found that the cost-shifting provision of 12 O.S. § 940(B) which awards attorney fees, costs and interest to plaintiff only if the judgment for plaintiff is larger than the defendant's offer was not applicable because the plaintiff accepted the defendant's offer. In the latter case, plaintiff is entitled to attorney fees as prevailing party under 12 O.S. §940(A)). *Id.* at 50-51.

fees inclusive in the amount of its offer of judgment. *See Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998) ("The defendant is always free to offer a lump sum in settlement of liability, costs and *fees*" under Rule 68.) (emphasis added). The insured, on the other hand, as offeree, can only accept or reject an offer of judgment on the insurer's terms. *Greisz*, 176 F.3d at 1015.

This leads the Court to Defendant's final objection - that it intended its lump-sum offer of settlement in the amount of $25,001.00 to *include* attorney fees and costs. Making this intent clear, however, is the Defendant's responsibility. *Webb*, 298 F.3d at 1244 ("Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether or not the offer is inclusive of fees."). As the Eleventh Circuit explained,

> Rule 68 places the offeree in a most unusual posture in the landscape of settlement contracts. While an offeree can respond to an ordinary settlement offer through a counteroffer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties. Only the offeror can ensure that the offer clearly includes or excludes fees.

*Util. Automation*, 298 F.3d at 1244. Defendant failed to express its claimed intent in the offer of judgment as the offer is completely silent as to fees and costs.

Courts apply contract principles in interpreting Rule 68 offers of judgment. *Webb*, 147 F.3d at 620; *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991) (noting that in cases construing a Rule 68 judgment where the parties disagree as to what was intended, courts apply contract principles). Two contract principles militate against Defendant's interpretation of the Rule 68 offer. "[W]hen a contract is reduced to writing, the intention of the parties is to be ascertain from the writing alone." *Banks*, 882 P.2d at 582.

23

As the Oklahoma Court of Appeal recognized under similar facts in *Banks*, if Horace Mann intended the offer to include attorney fees and costs, it should have expressly stated so in the written offer of judgment.  *Id*.  Further, to the extent the offer's silence creates an ambiguity as to whether the lump-sum offer includes attorney fees, the ambiguity must be construed against the drafter.  *Util. Automation*, 298 F.3d at 1243; *Webb*, 147 F.3d at 623.  Such a construction is particularly appropriate with Rule 68 offers as plaintiffs are put at their peril whether or not they accept the offer and thus "should not be left in the position of guessing what a court will later hold the offer means."  *Webb*, 147 F.3d at 623.  The Court therefore concludes that the $25,001.00 offer of judgment did not include attorney fees.

In summary, the Court finds that the Hendersons are entitled to reasonable attorney fees as prevailing parties under § 3629(B).  However, at the February 10, 2006 hearing, the Court suggested and the parties agreed that the amount of fees to be awarded should not be determined until resolution of Plaintiffs' appeal of the summary judgment on their bad faith claim.   The Court therefore recommends that this determination be held in abeyance pending the Tenth Circuit's disposition of the bad faith claim.

**E.      Defendant's Motions to Vacate and to Assess Costs**

If the judgment is not enforced as a final settlement inclusive of all fees, costs and interest, Horace Mann moves that the judgment be vacated and the matter allowed to proceed to trial. (Dkt. #126).  Although the Court has found that *Mock* determines that the Rule 68 judgment is deemed to include prejudgment interest, the Court has also concluded that the Hendersons are entitled to costs under Rule 68 and reasonable

24

attorney fees under § 3629(B).  The Court, therefore, addresses Defendant's motion to

vacate.

Rule 60(b) provides:

> On Motion and upon such terms as are just, the court may relieve a party
> or a party's legal representative from a final judgment . . . for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence which by due diligence could not
> have been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has been reversed
> or otherwise vacated, or it is no longer equitable that the judgment should
> have prospective application; or (6) any other reason justifying relief from
> the operation of the judgment.

Fed. R. Civ. P. 60(b).  Horace Mann contends that the judgment should be vacated under

Rule 60(b)(1) for mistake, Rule 60(b)(3) for fraud, misrepresentation and other adversary

misconduct, and under Rule 60(b)(6) in the interests of justice.

Defendant argues that the judgment should be set aside under Rule 60(b)(1) as

there was no meeting of the minds and Defendant's counsel was not authorized to settle

the case in any way that would expose Horace Mann to liability in excess of the

$25,001.00 offered pursuant to Rule 68.  In support, Defendant attaches the affidavit of

its counsel attesting that he "was not authorized by Horace Mann to pay Plaintiffs more

than $25,001.00 to completely dispose" of the case.[9]  *Defendant's Motion to Vacate*

*Judgment, Ex. 1* (Dkt. #126).

---

[9] The parties agreed at the January 25, 2006 status hearing that no evidence regarding settlement
negotiations would be offered or should be considered in the Court's determination of these motions.  The
Court, therefore, has only considered counsel's statement in his affidavit regarding his authority to make
the offer of judgment.

The Tenth Circuit in *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572 (10th Cir. 1996) explained the application of Rule 60(b)(1):

> [A]s a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

*Id*. at 576.  Rule 60(B)(1) relief is not available if a party simply misunderstands the legal consequences of deliberate acts.  *Id*. at 577.  However, if it is a litigation mistake that a "party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment," relief under Rule 60(1) is appropriate. *Id*.     As discussed above, in making an offer of judgment Defendant must state clearly that attorney fees and costs are included as part of the lump sum offer of judgment under Rule 68; otherwise, the costs will be added and attorney fees may be awarded if there is substantive authority for such an award.  Defendant's failure to recognize these legal consequences may be a litigation mistake, but it is not the type of mistake contemplated by Rule 60(b)(1).  This mistake was "the result of a deliberate and counseled decision" by the Defendant to make an offer of judgment of $25,001.00.  *Cashner*, 98 F.3d at 577. Defendant's counsel attests, and Horace Mann does not dispute, that Horace Mann authorized the offer of judgment.  What apparently was not understood were the legal consequences of that deliberate decision.  Rule 60(b)(1) relief is not available to a party under these circumstances.  *Id*.; *Aynes v. Space Guard Prods., Inc.*, 201 F.R.D. 445, 449 (S.D. Ind. 2001) ("Any effort to research Rule 68 would have alerted an attentive lawyer to the possibility of attorney's fees being included under the rule, and in fact a host of

26

examples demonstrating how to draft a Rule 68 offer in order to avoid the present confusion was also readily available.").

Horace Mann also contends that the judgment should be set aside due to fraud. However, Defendant presents no evidence of fraud or misrepresentation.  In support of the claimed fraud, Defendant cites the time records of Plaintiffs' counsel showing that they conducted (1) research regarding attorney fees and prejudgment interest the day before the settlement conference, (2) research on the effect of a Rule 68 Offer the day of the settlement conference, (3) further research on Rule 68 as used in conjunction with 36 O.S. § 3629(B) after the settlement conference and before the offer of judgment was made, and (4) research and work on the motions to amend and for attorney fees and costs after the judgment was entered. *Defendants' Motion to Vacate, pp. 7-8* (Dkt. #126).   At worst, all this shows is that Plaintiffs' counsel were aware of the issues surrounding a Rule 68 offer in the context of 36 O.S. § 3629(B) and were prepared to and did accept the offer based on their understanding of the law.  The Court finds no basis to vacate the judgment under Rule 60(b)(3).

Finally, relief under Rule 60(b)(6) is only available if no other subsection of Rule 60(b) applies.  *Webb*, 147 F.3d at 622.  If relief were available under Rule 60(b), it would be under Rule 60(b)(1).  Therefore, Defendant is also not entitled to relief under Rule 60(b)(6).

Based on the findings above, the Court also recommends the denial of Defendant's motion for costs and fees under 28 U.S.C. § 1927.  Section 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy

> personally the excess costs, expenses, and attorneys' fees reasonably
> incurred because of such conduct.

The standard under § 1927 is whether the attorney's conduct "viewed objectively,

manifests either intentional or reckless disregard of the attorney's duties to the court. . . ."

*Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc).  Sanctions under

§ 1927 therefore are appropriate "'only in instances evidencing a serious and standard

disregard for the orderly process of justice.'" *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337,

1342 (10th Cir. 1998) (quoting *Dreiling v. Peugot Motors of Am., Inc.,* 768 F.2d 1159,

1165 (10th Cir. 1985)).  The Court finds no violation of Plaintiffs' counsel's duty to the

Court.  Although Defendant may ultimately prevail on Plaintiffs' motion to amend the

judgment to include prejudgment interest if the District Court adopts the undersigned's

recommendation, such does not mean there is no good faith basis for Plaintiffs' argument

that *Banks* should determine the recovery of prejudgment interest in this case. The Court

has simply disagreed.

## RECOMMENDATION AND OBJECTIONS

For the reasons stated above, the Court recommends that Plaintiffs' Motion to

Alter or Amend Judgment (Dkt. #107) be DENIED, Plaintiff's Motion for Attorneys'

Fees (Dkt. #110) be GRANTED with the amount of fees to be determined upon

resolution of Plaintiffs' appeal of the bad faith claim, and Defendant's motions for costs

(Dkt. #113) and to vacate judgment (Dkt. #126) be DENIED.

The District Judge assigned to this case will conduct a de novo review of the

record and determine whether to adopt or revise this Report and Recommendation or

whether to recommit the matter to the undersigned.  As part of his/her review of the

28

record, the District Judge will consider the parties' written objections to this Report and Recommendation.  A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED, this 23rd day of February, 2006.

Paul J. Cleary
United States Magistrate Judge