UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STUART HENDERSON and ) | |
| REGINA HENDERSON, husband and wife ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 03-CV-0526-CVE-PJC |
| ) | |
| HORACE MANN INSURANCE COMPANY, ) | |
| a foreign insurance company ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On February 23, 2006, United States Magistrate Judge Paul J. Cleary entered a Report and Recommendation (Dkt. # 153) on four pending motions. The magistrate judge recommended that plaintiffs' motion to alter or amend judgment (Dkt. # 107) be denied, plaintiffs' motion for attorneys' fees (Dkt. # 110) be granted, and defendant's motion for costs (Dkt. # 113) and motion to vacate judgment (Dkt. #126) be denied. Both parties filed timely objections (Dkt. ## 156, 157) pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Rule 72(b) provides that "the district judge to whom the case is assigned shall make a de novo review determination upon the record, or after additional evidence." Accordingly, the Court has conducted a de novo review. The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. For reasons set forth below, the Report and Recommendation (Dkt. # 153) shall be accepted in its entirety.

**I.**

Plaintiffs Stuart and Regina Henderson owned a 1996 Chevrolet Blazer insured by Horace Mann Insurance Company ("Horace Mann"). The car was damaged in a June 2000 accident. Plaintiffs' daughter was driving the car but was not at fault for the accident. The parties dispute

when exactly plaintiffs first notified Horace Mann of the accident and their related claim.  In the months following the accident, plaintiffs negotiated with the other driver's insurance company, Farm Bureau.  Farm Bureau offered to pay them $14,700.  Plaintiffs rejected the offer as being less than they thought the car was worth, and instead pursued a claim against Horace Mann.  A third party appraiser estimated the book value to be $12,637.50 (as of April 2001) and the cost of repair as $7,824.23 (based on the use of crash parts supplied by other than the manufacturer).  Horace Mann then issued a check for $7,324.23 to Stuart Henderson on May 25, 2001 (the full amount of the estimate less the deductible).  On September 14, 2001, Farm Bureau issued a check for $7,824.23 (to satisfy the subrogation claim) to Horace Mann, and a few days later, Horace Mann issued a check for $500 to reimburse Stuart Henderson for his deductible.

In April 2002, Horace Mann received a letter from the Hendersons' attorney resurrecting the issue of the claim for property damage from the June 2000 accident.  From July through September, 2002, the Hendersons' attorney continued to correspond with Horace Mann about reevaluating the claim, including coverage for rental car expenses which had not been included in their policy.  In August, the attorney returned the checks that had been issued to the Hendersons over a year before.  Finally, on January 24, 2003, the attorney wrote demanding payment of $25,000 in exchange for a complete release of the property damage claim, and threatening suit if the demand were not met.  This suit was filed on June 30, 2003 in state court and  Horace Mann removed it to this Court.  On January 12, 2005, the Court granted defendant's motion for summary judgment on plaintiffs' claim of bad faith.  Dkt. # 61.  Plaintiffs filed a motion to reconsider, and the Court affirmed its initial grant of summary judgment on the bad faith claim.  Dkt. # 95.

On November 1, 2005, defendant served plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68. Dkt. # 105. The offer stated:

> Please allow this correspondence to serve as Horace Mann Insurance Company's official Rule 68 Offer of Judgment. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Horace Mann Insurance Company hereby allows judgment to be taken against it in the amount of $25,001.00 total which would reflect a new payment in the amount of $17,676.67 to off set the original payment of $7,324.23 which you [sic] client had negotiated and excepted.

Id. After plaintiffs accepted defendant's official Rule 68 Offer of Judgment (Dkt. # 105), the Court entered judgment in favor of plaintiffs in the amount of $25,001, minus $7,324.23 previously paid by defendant to plaintiffs. Dkt. # 106. Judgment included post-judgment interest to be paid on the remaining $17,676.77. Id.

Plaintiffs filed a motion to alter or amend the judgment (Dkt. # 107) to include prejudgment interest in the amount of $11,775.53, and a motion for attorneys' fees (Dkt. # 110) in the amount of $152, 158. Plaintiffs also filed a notice of appeal to the Tenth Circuit Court of Appeals of the summary judgment order regarding their bad faith claim. Defendant filed a motion for costs accrued due to briefing plaintiffs' post-judgment motions. Dkt. # 113. If the Court does not enforce the Rule 68 offer of $25,001 as inclusive of costs, defendant moves to vacate the judgment pursuant to Fed. R. Civ. P. 60. Dkt. # 126.

## II.

Following entry of a judgment pursuant to Rule 68, plaintiffs ask the Court to award prejudgment interest and attorneys' fees. Rule 68 provides, in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then

3

> file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68. Rule 68 is designed to encourage settlement as it allows a defendant to make a firm offer of judgment and shifts the costs of litigation onto plaintiff if plaintiff rejects the offer and is then awarded less than the Rule 68 offer. Marek v. Estate of Chesny, 473 U.S. 1, 5 (1985). The critical question for the success of plaintiffs' pending motions is what qualifies as "costs" for the purpose of Rule 68.

If an offer under Rule 68 does not expressly state that costs are included, the Court must add costs to the judgment. Id. ("If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which is in its discretion."). Defendant's Rule 68 offer did not expressly state that costs, interest, or fees were included. Accordingly, the Court has a duty to determine costs.

Under Rule 68, costs "refer to all costs properly awardable under the relevant substantive statute or other authority." Id. at 9. The Supreme Court specifically addressed whether attorneys' fees were awardable as costs under Rule 68 and held that, absent congressional expression to the contrary, where the underlying statute defines "costs" to include attorneys' fees, attorneys' fees should be included as costs for the purposes of Rule 68. Id. Given defendant's confessed judgment

on the breach of contract claim, the appropriate underlying statute is Okla. Stat. tit. 36, § 3629(B).[1]

Section 3629 provides in pertinent part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.

Okla. Stat. tit. 36, § 3629(B).

Section 3629(B) entitles the prevailing party to attorneys' fees. Stauth, 236 F.3d at 1267 ("we hold that an award . . . of attorneys' fees and costs under Section 3629(B) is mandatory.").

Plaintiffs are prevailing parties under section 3629(B):

> The Oklahoma Supreme Court has explained that under Section 3629, the insurer is a prevailing party where the judgment is for less than any settlement offer made by the insurer or where the insured rejects the claim and no judgment is awarded, while the plain language of the statute provides that "in all other judgments the insured shall be the prevailing party."

Ass'n of County Comm'rs of Okla. v. Nat'l Am. Ins. Co., 116 P.3d 206, 212 (Okla. Ct. App. 2005) (citing Shinault v. Mid-Century Ins. Co., 654 P.2d 618, 619 (Okla. 1982)); see Stauth, 236 F.3d at 1266 (recognizing that, under section 3629(B), "the insured is the prevailing party unless the insurer has made a settlement offer and there is a subsequent judgment for a lesser amount . . . ."). Plaintiffs accepted the exact amount of defendant's Rule 68 offer. It is undisputed that the judgment equals

---

[1] Defendant argues that section 3629(B) is inapplicable to this case as there was no "proof of loss." However, the absence of formal "proof of loss" is not fatal to award of fees under the statute. Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260, 1266 (10th Cir. 2001). Further, the facts show that Horace Mann received sufficient notice of the claim to meet the statutory requirement of a "proof of loss."

5

and is not less than the offer of $25,001. Plaintiffs, as insureds, are the prevailing parties under Oklahoma substantive law. See Banks, 882 P.2d at 581 (holding that an insured who accepted an offer to confess judgment was the prevailing party for purposes of section 3629(B)).

Defendant's Rule 68 offer of judgment did not expressly include attorney's fees.[2] Despite any intent to include attorneys' fees in a lump sum offer, defendant did not make such intention clear on the face of the offer. Courts apply contract principles to interpret offers of judgment. See Erdman v. Cochise County, Arizona, 926 F.2d 877, 880 (9th Cir. 1991). The parol evidence rule prohibits introducing communications made prior to the creation of the contract. See Banks, 882 P.2d at 582 ("when a contract is reduced to writing, the intention of the parties is to be ascertain from the writing alone."). It was defendant's responsibility to make clear any intent that its Rule 68 offer was inclusive of costs and fees. Webb v. James, 147 F.3d 617, 623 (7th Cir. 1998) ("Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether or not the offer is inclusive of fees."). Accordingly, and for reasons set forth in the thorough and well-reasoned Report and Recommendation, the Court finds that plaintiffs are entitled to reasonable attorneys' fees. See Stauth, 236 F.3d at 1266. The amount of attorneys' fees will be determined subsequent to the Tenth Circuit Court of Appeals' disposition of the bad faith claim.

In contrast to the issue of attorneys' fees, federal law governs whether plaintiffs are entitled to prejudgment interest. An award of prejudgment interest "is an act which serves to remedy the

---

[2]   Defendant characterizes the judgment as a "court-ordered settlement agreement" in its objection to the Report and Recommendation. Dkt. # 156, at 21. However, the Court did not "order" a settlement agreement. The Court scheduled a settlement conference and defendant chose to make plaintiffs a settlement offer pursuant to Rule 68.

injury giving rise to the underlying action and in that sense is part of the merits of the court's decision." McNickle v. Bankers Life and Cas. Co., 888 F.2d 678, 681 (10th Cir. 1989) (citing Osterneck v. Ernst & Whinney, 489 U.S. 169, 176 n.3 (1989)). The Tenth Circuit Court of Appeals held that:

> [A] Rule 68 consent judgment for a sum certain must, absent indication otherwise, be deemed to include pre-judgment interest. To hold otherwise would undermine the purpose of Rule 68.

Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 527 (10th Cir. 1992). The Tenth Circuit has not clarified the meaning of "indication otherwise." Plaintiffs argue that they are entitled to prejudgment interest because Oklahoma law is "indication otherwise." In Banks v. Cimarron Ins. Co., Inc., 882 P.2d 580 (Okla. Ct. App. 1994), the Oklahoma Court of Appeals held that section 3629 "provides direction to the trial court to add interest to . . . the confessed judgment," if the confessed judgment does not expressly mention interest. Id. at 582. If plaintiffs' logic were correct, "indication otherwise" would include state law and the holding in Mock as to a federal procedural rule would be hollow. See Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1539 (10th Cir. 1996) (in diversity cases, "where a federal rule of procedure is directly on point, that rule applies.") (citing Hanna v. Plumer, 380 U.S. 460, 471 (1965)). The Court finds that defendant's Rule 68 offer and the subsequent judgment are inclusive of prejudgment interest. Mock, 971 F.2d at 527. Plaintiffs are entitled to no additional prejudgment interest.

### III.

Defendant asks the Court to award it costs associated with defending against plaintiffs' post-judgment motions and requests that the consent judgment be vacated, pursuant to Fed. R. Civ. P. 60(b), if fees or interest are awarded. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The Court has substantial discretion in connection with a Rule 60(b) motion. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). However, relief under Rule 60(b) is extraordinary and may be granted only in exceptional circumstances. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Defendant asks the Court to vacate the judgment for: mistake under Rule 60(b)(1); fraud, misrepresentation, or other misconduct under Rule 60(b)(3); and in the interests of justice under Rule 60(b)(6).

"[T]he "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." Id. at 577. Defendant argues that it made an excusable litigation mistake and that its attorney was not authorized to offer more than a lump sum of $25,001, inclusive of costs and fees. However, defendant does not dispute that it authorized its counsel to send the Rule 68 offer letter to plaintiffs. Rule 60(b)(1) does not provide relief if a party simply misunderstands the legal consequences of deliberate acts. See Pelican Prod. Corp., 893 F.2d at 1146 ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."); Aynes v. Space Guard Products, Inc., 201 F.R.D. 445, 449 (S.D. Ind. 2001) ("Any effort to research Rule 68 would have alerted an attentive lawyer to the possibility of attorney's fees being included

under the rule, and in fact a host of examples demonstrating how to draft a Rule 68 offer in order to avoid the present confusion was also readily available."). Defendant's failure to understand the legal repercussions of its offer was not an excusable mistake within Rule 60(b)(1).

Next, defendant has not presented evidence of fraud, mistake, or other misconduct by plaintiffs. Rather, defendant provides evidence that plaintiffs' counsel researched relevant law around the time of the settlement conference. Such evidence is not incriminating and does not merit vacating the judgment under Rule 60(b)(3).

Finally, Rule 60(b)(6) relief is available only when sections (b)(1) through (b)(5) do not apply. Webb, 147 F.3d at 622. Rule 60(b)(1) applies to the current situation, despite defendant's failure to meet the standards for vacating the judgment. Id. ("Rule 60(b)(1) provides [defendant's] only avenue of relief because by [its] own description of the problem, its attorneys simply did not understand the import of the words they used in the Rule 68 offer of judgment. In other words, they made a mistake. By their own admission, [defendant's] attorneys neglected to conduct any research into Rule 68 before extending the offer of judgment . . . ."). Accordingly, Rule 60(b)(6) does not provide relief for defendant. The circumstances in this case are not exceptional and do not merit relief under Rule 60(b).

Further, defendant's motion for costs is denied because plaintiffs sought interest and fees in good faith. Because sanctions under 28 U.S.C. § 1927 are penal in nature, they are appropriate "'only in instances evidencing a serious and standard disregard for the orderly process of justice.'" Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998) (citation omitted). There is no evidence that plaintiffs multiplied the proceedings unreasonably or vexatiously. Thus, the Court will not impose sanctions pursuant to section 1927.

**IV.**

Based on a careful review of the Report and Recommendation, the objections, the responses, and an independent review of the record and the relevant authorities, the Court finds that the Report and Recommendation (Dkt. # 153) should be and hereby is accepted.

**IT IS THEREFORE ORDERED** that defendant's objection (Dkt. # 156) and plaintiffs' objection (Dkt. # 157) to the Report and Recommendation are **overruled**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to alter or amend judgment (Dkt. # 107) is **denied**; plaintiffs' motion for attorneys' fees (Dkt. # 110) is **granted**, with the amount of fees to be determined upon resolution of plaintiffs' appeal of the bad faith claim; defendant's motion for costs (Dkt. # 113) is **denied**; and defendant's motion to vacate judgment (Dkt. #126) is **denied**.

**DATED** this 6th day of July, 2006.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT