**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STUART HENDERSON and** ) | |
| **REGINA HENDERSON, husband and wife,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | Case No. 03-CV-0526-CVE-PJC |
| ) | |
| **HORACE MANN INSURANCE COMPANY,** ) | |
| **a foreign insurance company** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On February 26, 2008, United States Magistrate Judge Paul J. Cleary entered a Report and Recommendation (Dkt. # 204) on plaintiffs' attorney fee request of $137,770.50. The magistrate judge recommended that plaintiffs, as the prevailing parties, receive a fee award of $36,650.00. The parties filed timely objections (Dkt. ## 205, 206). Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), plaintiffs filed a timely response (Dkt. # 207) to defendant's objection. Defendant then filed a motion to strike plaintiffs' response (Dkt. # 208). For the reasons set forth below, the Court finds that defendant's motion to strike (Dkt. # 208) should be **denied**, the objections to the Report and Recommendation (Dkt. ## 205, 206) should be **overruled**, and the Report and Recommendation (Dkt. # 204) should be **accepted**.

## I. Relevant Background

The Court begins with a brief recitation of the relevant facts.[1] The instant civil action arises from an insurance claim made by plaintiffs Stuart and Regina Henderson (collectively "the Hendersons") to their automobile insurer, defendant Horace Mann Insurance Company ("HMIC"). In June 2000, plaintiffs' vehicle was involved in a collision. Dkt. # 204, at 3. Plaintiffs demanded the full policy amount – or $25,000 – under their insurance contract with HMIC. Dkt. # 161, at 2. When HMIC refused to pay this amount, plaintiffs filed suit for breach of contract and bad faith. Dkt. # 61, at 3.

On January 12, 2005, the Court granted summary judgment in HMIC's favor on the bad faith claim. Id. at 9. With only the breach of contract claim remaining, HMIC made an offer of judgment pursuant to Fed. R. Civ. P. 68. Dkt. # 204, at 4. Plaintiffs accepted HMIC's offer. Id. On November 2, 2005, the Court entered judgment in favor of plaintiffs for $25,001.00, minus $7,324.23 previously paid by HMIC to plaintiffs. Dkt. # 161, at 3. Plaintiffs then appealed the Court's ruling on their bad faith claim to the United States Court of Appeals for Tenth Circuit. Id.

Shortly thereafter, the Court granted plaintiffs' motion for attorneys' fees upon acceptance of an earlier report and recommendation. See id. at 10. The Court did not award attorneys' fees at that time, however. The Court found that "[t]he amount of attorneys' fees will be determined subsequent to the Tenth Circuit Court of Appeals' disposition of the bad faith claim." Id. at 6. On June 25, 2007, plaintiffs voluntarily dismissed their appeal. See Dkt. # 169. Accordingly, the

---

[1]  For an in-depth discussion of the background of the entire litigation, see Henderson v. Horace Mann Insurance Co., No. 03-CV-0526-CVE-PJC, 2006 WL 1878897 (N.D. Okla. July 6, 2006).

2

amount of attorney fees recoverable by plaintiffs under OKLA. STAT. tit. 36, § 3629(B) became ripe for review by the magistrate judge.

In the Report and Recommendation, the magistrate judge set forth the applicable law and described his careful examination of the submitted time records. The magistrate judge calculated the "lodestar" by multiplying the reasonable market hourly rates by a reasonable number of hours devoted to compensable matters. See Dkt. # 204, at 10-23. The magistrate judge made appropriate adjustments to the hourly rates and excluded from the fee calculation: (a) time spent on matters unrelated to this case, (b) time related solely to the unsuccessful bad faith claim, (c) time improperly recorded, (d) time spent on clerical tasks, "reviewing" documents, and two interoffice conferences, and (e) time billed for duplicative work. See id. at 14-22. The magistrate judge then applied twelve factors, also known as the Burk factors,[2] to adjust the fee calculation. See id. at 23-28. He concluded that the adjusted fee award was reasonably related to the amount at issue. See id. at 29-30. In sum, the magistrate judge recommended that plaintiffs' fee request be substantially reduced for five reasons: (i) plaintiffs requested hourly rates were higher than the prevailing community rates for the type of work involved; (ii) plaintiffs failed to meet their burden of justifying the significant number of hours expended on this non-complex case; (iii) plaintiffs prevailed on their breach of contract claim but did not prevail on their bad faith claim; (iv) plaintiffs submitted records revealing

---

[2] The Burk factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal issues, (3) the skill required to perform the legal services adequately, (4) the preclusion of other employment because of the attorney's acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. State ex. rel. Burk v. City of Oklahoma City, 598 P.2d 659, 661 (Okla. 1979).

"numerous errors in billing judgment, including attorneys spending time on tasks that paralegals could handle, time spent on unproductive activity, duplication of effort, and billing for time that would normally not be charged to one's client[;]" and (v) plaintiffs submitted records with numerous time-keeping problems, "including block billing and vague entries that render impossible an adequate review of the records and determination of the reasonableness of the time spent." Id. at 2. Both HMIC and plaintiffs object to the Report and Recommendation.

## II. HMIC's Motion to Strike

The Court finds that HMIC's motion to strike (Dkt. # 208) should be denied. HMIC argues that the "non-dispositive matter of attorney fees . . . is governed by Fed. R. Civ. P. 72(a)[,]" which does not allow the filing of responses. Dkt. # 208, at 1. Contrary to HMIC's assertion, however, Rule 72(a) does not govern the Court's referral of the motion for attorneys' fees. A final ruling on attorneys fees is dispositive, and that is precisely why the magistrate judge proceeded by Report and Recommendation under Rule 72(b). Further, Fed. R. Civ. P. 54(d)(2)(D) very clearly states that a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."

Nevertheless, HMIC argues that a district court must "designate" a motion for attorneys' fees as "a dispositive motion under Rule 72(b)" for Rule 54(d)(2)(D) to apply. HMIC cites no authority to support its conclusory assertion. The Court finds that the plain language of Rule 54(d)(2)(D) does not require a district court to designate a motion as "dispositive." The Court can find no controlling authority, moreover, that interprets Rule 54(d)(2)(D) as mandating an express designation. The

4

Court concludes that defendant's motion is without merit. Plaintiffs' response complies with Rule 72(b), which permits a party to "respond to another party's objections within 10 days after being served a copy."

### III. Standard of Review

The Court must conduct a de novo review of the magistrate judge's Report and Recommendation. See Fed. R. Civ. P 72(b) ("[T]he district judge to whom the case is assigned shall make a de novo review determination upon the record, or after additional evidence."). Under 28 U.S.C. § 636(b)(1), the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." De novo review requires the Court to "consider the actual testimony or other evidence in the record and not merely [to] review the magistrate's report and recommendations." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### IV. HMIC's Objections

HMIC objects on two grounds. First, HMIC argues that the proposed fee award "requires defense counsel to be unwilling participants in the unethical behavior of Plaintiffs' counsel." Dkt. # 205, at 1. According to HMIC, this Court may not award attorneys' fees because plaintiffs' underlying attorney fee contracts violate the Oklahoma Rules of Professional Conduct. Second, HMIC argues that the magistrate judge wrongfully concluded that plaintiffs are entitled to a fee award under OKLA. STAT. tit. 36, § 3629(B). The Court need only briefly consider these objections.

5

A.  Purported Ethical Violations

HMIC argues that a fee award is prohibited under the Oklahoma Rules of Professional Conduct because: (i) plaintiffs have not expended any monies for attorney fees and thus are not entitled to recover any fees; (ii) the attorney fee contracts violate Rule 1.5 because they do not specify, by amount or percentage, a contingency fee to be paid from the judgment; (iii) the attorney fee contracts violate Rule 5.4 because they provide for the sharing of fees between plaintiffs' counsel and their non-lawyer clients; and (iv) the prevailing parties executed the attorney fee contracts after acceptance of the offer of judgment in an effort to inflate recovery in this case. Dkt. # 205, at 1-3.  According to HMIC, the Court "has an ethical obligation not to award fees that will be illegally split between lawyer and client."[3]  Id. at 4.  HMIC does not cite any case law in support of its arguments.

The Court need not determine whether plaintiffs' fee agreements are enforceable or valid before calculating a reasonable fee award.  A fee agreement is a matter between the client and the attorney.  Morgan v. Galilean Health Enterprises, Inc., 977 P.2d 357, 363 (Okla. 1998).  The agreement "is not binding on the court in awarding an appropriate attorney's fee."  Id.  Moreover, any amount due under the agreement may not serve as a basis for calculating the prevailing party's fee award.  Id.  Because plaintiffs' fee agreements do not form the basis of the proposed fee award, HMIC is not harmed by the agreements and, hence, lacks standing to challenge their terms.  Dkt. # 204, at 27; see Morgan, 977 P.2d at 364 n.25 ("Because we hold today that the contingent-fee

---

[3] HMIC also contends that the Court should submit this issue to the Oklahoma Bar Association or certify it to the Oklahoma Supreme Court.  Id.  The Court disagrees.  The Court can determine the amount of attorneys' fees plaintiffs are due without resolving the separate issue of whether plaintiffs' subsequent disbursement of the fee award violates ethical rules.

contract between a client and her attorney does not form the basis for an award of an attorney's fee against a third party, [defendant]'s argument is moot. [Defendant] is not harmed by the existence of the contract and hence lacks standing to challenge its terms."). Further, the Court is not "enforcing" plaintiffs' fee agreements by ordering a fee award. The extent to which plaintiffs share the award with their counsel has nothing to do with the amount of attorneys' fees plaintiffs are due under OKLA. STAT. tit. 36, § 3629(B). See Morgan, 977 P.2d at 364 n.25 (rejecting argument that the court could not award attorneys' fees because of the underlying fee agreement's purported violation of an Oklahoma statute). Therefore, HMIC's objection is without merit.

### B.  Plaintiffs' Entitlement to a Fee Award under OKLA. STAT. tit. 36, § 3629(B)

HMIC asserts numerous arguments as to why plaintiffs are not entitled to attorneys' fees under OKLA. STAT. tit. 36, § 3629(B). Yet HMIC ignores the fact that the Court has already determined that plaintiffs are entitled to attorneys' fees. See Dkt. # 161, at 6 ("[T]he Court finds that plaintiffs are entitled to reasonable attorneys' fees."). HMIC cannot seek to reargue this issue now, nearly two years after the Court granted plaintiffs' motion for attorneys' fees. See Wessel v. City of Albuquerque, 463 F.3d 1138, 1143 (10th Cir. 2006) ("Generally, 'once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case.'" (quoting Grigsby v. Barnhart, 294 F.3d 1215, 1218 (10th Cir. 2002))). HMIC has presented no reason why

the Court should revisit this issue.[4] Thus, the Court concludes that HMIC's objections should be overruled.

### V. Plaintiffs' Objections

Plaintiffs object on three grounds.[5] First, plaintiffs argue that the magistrate judge should have awarded fees incurred in determining the reasonableness and good faith of HMIC's breach of contract, as permitted by the Tenth Circuit's unpublished decision in Quail Creek Petroleum Management Corp. v. XL Specialty Insurance Co., 129 Fed. Appx. 466 (10th Cir. April 28, 2005). Dkt. # 206, at 3. Second, plaintiffs argue that the magistrate judge improperly "based his report and recommendation in part on the amount of attorneys' fees owed by the Hendersons under their contingency fee agreement with their attorneys." Id. Plaintiffs aver that Oklahoma precedent makes clear that a statutory fee award "may not be based on the amount due under the attorneys' fee contract." Id. at 4. Third, plaintiffs argue that the magistrate judge's fee calculation is "grossly inadequate." Id. According to plaintiffs, "this case required an enormous amount of attorney time

---

[4] District courts are to apply the law of the case doctrine "unless one of the exceptions specifically and unquestionably applies." Wessel, 463 F.3d at 1143 (internal quotation marks and citation omitted). These exceptions include: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." Id. (internal quotation marks and citation omitted).

[5] Plaintiffs also object to the Report and Recommendation "for the reasons already set forth in briefs filed November 16, 2005 (Dkt. # 110), December 23, 2005 (Dkt. # 144), August 17, 2007 (Dkt. # 178), September 11, 2007 (Dkt. # 180), [and] February 11, 2008 (Dkt. # 203) . . . ." The Court will not consider every argument ever raised by plaintiffs regarding the issue of attorneys' fees. Plaintiffs have the duty – not this Court – to specify objections in their brief. The Court will not peruse five briefs filed over the last two and a half years to discern plaintiffs' arguments.

and labor" because of "the way [HMIC] chose to defend this lawsuit[,]" and HMIC should not be rewarded for its conduct. Id. The Court considers each of these arguments in turn.

A. Exclusion of Time Expenditures Related Solely to Bad Faith

In Quail Creek, 129 Fed. Appx. at 470, the Tenth Circuit rejected the district court's arbitrary 33% reduction of plaintiff's fee award for time expended on an unsuccessful bad faith claim. The Tenth Circuit found that plaintiff, as the prevailing party, "was statutorily entitled to attorney fees for all of the time reasonably spent on the breach-of-contract claim." Id. (emphasis in original). As opposed to speculating about the percentage of time that was spent on the bad faith claim, the district court should have examined the time sheets and noted which fees were unrelated to the contract claim. Id. at 471. The Tenth Circuit concluded that under Oklahoma law, a district court may exclude a time expenditure only if the "expenditure was necessary solely to establish" the bad faith claim. Id.

Here, the magistrate judge found Quail Creek unpersuasive because the decision "presumes that an attorney's time records will reflect whether the time recorded was spent purely on a bad faith claim." Dkt. # 204, at 15. The magistrate judge opined that "this is rarely the case." Id. The magistrate judge also found that Quail Creek has two unintended consequences. First, Quail Creek "effectively shift[s] the claimant's burden to justify the time for which he or she seeks payment and effectively create[s] a burden on the court to justify any reductions in the fees claimed." Id. at 15. Second, Quail Creek "give[s] attorneys incentive to pad their time records and to describe their activities as generally as possible . . . ." Id. at 16.

The Court cannot ignore a subsequent unpublished decision reiterating Quail Creek's "ivory-tower" analysis. In Sims v. Great American Life Insurance Co., 207 Fed. Appx. 908, 910 (10th Cir.

9

Dec. 5, 2006), the Tenth Circuit held that "the district court need disallow only those attorney's fees related specifically to the issue of whether [the insurer] acted in bad faith in failing to pay [the] claim . . . ." Id. Although Sims recognized that a plaintiff cannot recover fees related solely to an unsuccessful bad faith claim, it noted that "bad faith and contract claims overlap to an extent." Id.; Quail Creek, 129 Fed. Appx. at 471 ("We note that a bad faith action is inextricably intertwined with a breach-of-contract claim."). Thus, in light of Sims, the Court cannot agree with the magistrate judge that Quail Creek is not persuasive authority.

This finding does not necessitate modification of the fee award, however. Notwithstanding his disapproval, the magistrate judge applied the substance of Quail Creek. The magistrate judge's fee calculation excluded only those time expenditures that "focus[ed] solely on the bad faith claim." Dkt. # 204, at 16, 22. For example, the magistrate judge disallowed a July 21, 2005 time entry because the records revealed that this entry was "directed to the issue of bad faith." Id. at 17. The magistrate judge also disallowed a May 24, 2005 time entry because an inspection of the surrounding time entries made "clear" that this entry related to the Court's bad faith ruling.[6] Id. The magistrate judge concluded that "time spent only on the bad faith claim should be excluded." Id. at 22.

The Court finds, therefore, that plaintiffs' objection is without merit. The magistrate judge's disapproval of Quail Creek does not necessitate recalculation of the fee award, as the magistrate

---

[6] While the magistrate judge likewise concluded that the majority of plaintiffs' discovery requests and depositions "dealt with issues related primarily, if not solely, to Plaintiffs' bad faith claim[,]" he actually excluded these time expenditures because they were duplicative and excessive. See id. at 21-22.

10

judge complied with the substance of Quail Creek. He excluded only those fees attributable solely to plaintiffs' bad faith claim.

### B. Plaintiffs' Fee Arrangement

The magistrate judge held that any fee agreement between plaintiffs and their counsel "is a matter between the client[s] and attorney and the amount due under the contract 'may not serve as a basis for computing an attorney's fee against an unsuccessful party.'" Dkt. # 204, at 26 (quoting Morgan, 977 P.2d at 363). Nevertheless, the magistrate judge also held that the contractual terms may evidence what the parties consider to be a reasonable fee. Id. at 27. The magistrate judge determined that the fee-splitting arrangement between plaintiffs and their counsel evidences the prevailing parties' belief that $137,770.50 is not necessary to compensate counsel for their time expended in this case. Id.

Plaintiffs argue that the magistrate judge's "reliance" on the contingency fee contract "was contrary to Oklahoma law." Dkt. # 206, at 4. Plaintiffs argue that Morgan, 977 P.2d at 363-64, precludes a trial court from basing its calculation of the attorney fee award on the prevailing party's fee contract with counsel. Plaintiffs also claim that the amount of fees owed by the prevailing party to counsel is not one of the factors the trial court may consider under Burk, 598 P.2d at 660-61.

Although plaintiffs correctly summarize Oklahoma law, they misstate the findings of the magistrate judge. The magistrate judge did not rely on the amount of fees owed by the prevailing party to counsel in calculating the fee award. The magistrate judge simply noted that the terms of the fee agreement evidence the prevailing parties' belief regarding reasonable compensation. As noted in Morgan, 977 P.2d at 363, a fee contract may reflect the value of legal services to the parties

11

bound by that agreement.[7] The magistrate judge also noted counsel's belief that "the Hendersons would wind up with more money than the attorneys" and found that this belief further evidences that "the parties do not believe that an award of $137,000 is necessary to reasonably compensate the attorneys for time expended on this matter." Dkt. # 204, at 27. Under Morgan, 977 P.2d at 364, a trial court may consider the contingent-fee character of the representation as one factor in determining the fee award. The Court finds, therefore, that the magistrate judge's narrow consideration of the fee arrangement between plaintiffs and their counsel comports with Oklahoma law. Plaintiffs' objection is overruled.

### C. HMIC's Conduct as a Factor

With absolutely no citation to authority, plaintiffs argue that the magistrate judge's calculation of attorney time is "grossly inadequate," as "this case required an enormous amount of attorney time and labor, not because [] Plaintiffs' attorneys overworked the case but because of the way [HMIC] chose to defend this lawsuit." Dkt. # 206, at 4. Plaintiffs claim that HMIC "should not be rewarded for its conduct. Instead, this Court should award the Hendersons all of the attorneys' fees that they seek." Id. at 4-5.

The Court finds that plaintiffs' objection is without merit. Plaintiffs' objection ignores the fact that the magistrate judge applied the correct legal analysis in calculating the fee award. The magistrate judge determined the "lodestar" amount based on reasonable market hourly rates

---

[7] Plaintiffs' underscoring of the fact that the magistrate judge cited a factually distinguishable case, City of Barnsdall v. Curnutt, 174 P.2d 596, 600 (Okla. 1945), in support of his finding is irrelevant. Morgan stands for the same principle. Compare Morgan, 977 P.2d at 363 ("It merely reflects the value of those services to the parties bound by that agreement inter se."), with City of Barndall, 174 P.2d at 600 ("[T]he contract of employment . . . is evidence of what [the] parties considered a reasonable charge.").

multiplied by a reasonable number of hours devoted to compensable matters. See Dkt. # 204, at 10-23. The magistrate judge made appropriate adjustments to certain hourly rates and excluded from the fee calculation: (a) time spent on matters unrelated to this case, (b) time related solely to the bad faith claim, (c) time improperly recorded, (d) time spent on clerical tasks, "reviewing" documents, and two interoffice conferences, and (e) time billed for duplicative work. See id. The magistrate judge then applied the twelve Burk factors to adjust the fee award. See id. at 23-28. Finally, the magistrate judge determined that the fee calculation was reasonably related to the amount at issue. See id. at 29-30.

The proposed fee award is not rendered "grossly inadequate" simply because HMIC defended this lawsuit or because plaintiffs' fee request is three times larger than the proposed fee award. As the Oklahoma Supreme Court has held, "fees cannot fairly be awarded on the basis of time alone." Oliver's Sports Ctr. v. Nat'l Standard Ins. Co., 615 P.2d 291, 294 (Okla. 1980). Moreover, the magistrate judge explicitly addressed plaintiffs' concern in his conclusion:

> Plaintiffs' counsel took on the Hendersons' case to help a relative's friends with a modest insurance dispute. . . . The error in judgment committed by Plaintiffs' counsel was to take on this representation with no clear understanding of how much time would be invested in the case and whether or how the lawyers would be paid for their work. . . . Within just a few weeks after the Complaint had been filed in this case, Plaintiffs' counsel had already accrued more in attorney fees than the ultimate Judgment. By late 2005, [plaintiffs' counsel] . . . had logged more than $150,000 in attorney time on the case and it was still unclear whether the firm would receive any compensation . . . . Under the law, HMIC is responsible for 'reasonable attorneys' fees' incurred to secure the Judgment herein. The recommended amount represents that figure.

Dkt. # 204, at 30-31. The Court concludes, therefore, that plaintiffs' objections should be overruled.

13

### VI. Conclusion

Based on a careful review of the Report and Recommendation, the objections, the responses, and an independent and <u>de novo</u> review of the record and the relevant authorities, the Court finds that the Report and Recommendation (Dkt. # 204) should be and hereby is **accepted**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Dkt. # 207, Plaintiffs' Response to Defendant's Objections to Report and Recommendation of Magistrate Judge (Dkt. # 208) is **denied**.

**IT IS FURTHER ORDERED** that Magistrate Judge Paul J. Cleary's Report and Recommendation (Dkt. # 204) is **accepted**, Plaintiffs' Objection to Report and Recommendation of Magistrate Judge (Dkt. # 206) is **overruled**, and Defendant's Objection to Magistrate Judge's Report and Recommendation (Dkt. # 205) is **overruled**.

**DATED** this 8th day of May, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT